FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASIS R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:25-CV-00215-RLP <br><br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 12. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ did not commit harmful legal error in evaluating medical opinion evidence and Mr. R's written symptom testimony. Therefore, Mr. R.'s brief, ECF No. 6, is denied and the Commissioner's brief, ECF No. 13, is granted.

---

[1] Plaintiff's first name and last initial are used to protect his privacy.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 1

BACKGROUND

Mr. R. was born in 1964. Tr. 335. He has an 11th grade education and relevant past work as a sheet metal worker. Tr. 45.

Mr. R. alleges that he dislocated his back in 2001 while employed by a roofing company and that his injury has progressively worsened over time. Tr. 454. Mr. R. protectively filed an application for benefits under Title XVI of the Social Security Act,[2] alleging an onset date of July 1, 2020. Tr. 18, 284-93. He claimed his back pain and his mental limitations rendered him unable to perform any job. Tr. 407. The application was denied initially and upon reconsideration. Tr. 1.

Mr. R. thereafter filed a written request for hearing. Tr. 188-89. A telephonic hearing was held on May 1, 2024. Tr. 63-72. Mr. R.'s attorney appeared at the hearing, but Mr. R. did not appear.[3] *Id*.

On May 9, 2024, the ALJ issued an unfavorable decision. Tr. 37-46. The Appeals Council denied review. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

---

[2] Although Mr. R. also requested benefits under Title II, his challenge is limited to Title XVI benefits.

[3] Mr. R. proffers he did not appear due to communication difficulties related to his lack of financial resources.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 2

STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 3

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 4

severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. R. has not engaged in substantial gainful activity since July 1, 2020, the alleged onset date. Tr. 39. At step two, the ALJ found Mr. R. has the following severe impairment: lumbar degenerative disc disease. Tr.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 5

40-41. The ALJ rejected Mr. R.'s claim that his ADHD was a severe impairment. *Id*.

At step three, the ALJ found Mr. R. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 41-42. With respect to the RFC, the ALJ found Mr. R. has the capacity to perform a full range of work at medium exertional levels. Tr. 42-45.

At step four, the ALJ found Mr. R. is capable of performing past relevant work as a sheet metal worker. Tr. 45. Based on these adverse findings, the ALJ determined Mr. R. has not been under a disability, as defined in the Social Security Act, from July 1, 2020, through the date of the decision. Tr. 46.

## ANALYSIS

Mr. R.'s assignments of error pertain to the ALJ's assessment of three medial opinions and his own written symptom testimony. In reviewing Mr. R.'s appeal, the Court's analysis is hampered by Mr. R.'s failure to link his evidentiary complaints to the five steps of the applicable legal analysis. It is therefore unclear whether Mr. R. believes the ALJ erred in failing to consider his ADHD as a severe impairment for purposes of step two. From what the Court can discern, it appears Mr. R.'s arguments on appeal is that the ALJ's factual errors go to the issue of the applicable RFC. Mr. R. does not make any argument that the record showed his ADHD was disabling.

With these general observations in mind, the Court turns to the arguments on

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 6

appeal.

A.   Medical Opinions

Mr. R. contends the ALJ failed to properly evaluate the opinions of Drs. Peter Weir, Jeffrey Jamison, and Jonathan Ryan. The regulations provide that an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

*1. Dr. Peter Weir, M.D.*

On December 11, 2021, Dr. Weir evaluated Mr. R. and opined that he is limited to light work with occasional stooping. Tr. 454-457. The ALJ rejected this opinion as unsupported by Dr. Weir's own examination findings, inconsistent with the longitudinal record and dearth of treatment, and inconsistent with the assessments of the DDS physicians, who had the benefit of reviewing more of the record. Tr. 26.

Mr. R. argues the ALJ's rejection of Dr. Weir's testimony was improperly

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 7

rooted in circumstances related to his homelessness and poverty. He argues that, due to his impoverished financial status, he was not able to seek regular medical treatment. Thus, to the extent the ALJ criticized Dr. Weir's opinion because it was based on a limited treatment record, this was akin to penalizing Mr. R. for his financial circumstances.

The Ninth Circuit has recognized that "several [courts] have considered whether disabled claimants may be denied benefits if their condition is remediable but they cannot afford the necessary medical treatment. All have concluded that the Commissioner may not deny benefits in those circumstances." *Gamble v. Chater*, 68 F.3d 319, 320-321 (9th Cir. 1995).

The Court disagrees that the ALJ discredited Dr. Weir's opinion for improper reasons. The ALJ did not simply discredit Dr. Weir's opinion because it was based on limited information. Rather, the ALJ weighed Dr. Weir's opinion against the record as a whole, which demonstrated an absence of back pain or related symptoms and showed normal clinical findings.

Mr. R. also argues the ALJ committed harmful legal error in failing to adequately consider the consistency and supportability of Dr. Weir's opinion, citing to *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988) for the proposition that the ALJ's opinion does "not achieve the level of specificity" required by the regulations. 849 F.2d 418 (9th Cir. 1988). However, while in *Embrey* the ALJ

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 8

offered a conclusion without explanation (concluding that the "medical opinions are not supported by sufficient objective findings"), the ALJ in this matter explained that Dr. Weir's opinion was unsupported by his own examination and inconsistent with the assessments of state agency physicians, who had the benefit of reviewing a more complete record.

Finally, Mr. R. argues the ALJ overlooked the severity of his December 2021 lumbar X-ray showing advanced degenerative changes. This argument is not a fair read of the record. The ALJ considered the X-rays and explained they "must be interpreted in conjunction with exam findings, which, in this case, show little to no functional limitations resulting from the anatomical abnormalities documented in imaging." Tr. 45.

The ALJ had an adequate basis for rejecting Dr. Weir's assessment regarding light work.

*2. Dr. Jeffrey Jamison, D.O.*

Following a physical consultative examination on December 5, 2020, Dr. Jamison opined Mr. R. is capable of lifting/carrying 40 pounds occasionally and 10 pounds frequently, standing/walking four hours in an eight-hour workday, sitting six to eight hours in an eight-hour workday, and occasional kneeling, bending and crawling. Tr. 449. The ALJ found Dr. Jamison's opinion "largely persuasive" and "generally consistent" with the record. Nevertheless, the ALJ found "no

justification … for the odd limitation to lift/carry 40 pounds occasionally and 10 pounds frequent, or for the postural limitations".

Mr. R. argues the ALJ failed to offer any rationale for deviating from Mr. Jamison's finding that he is limited to standing/walking for 4 hours out of the 8 hour workday. The Court disagrees. For one thing, the ALJ is permitted to reject medical opinion testimony that is "brief, conclusory, and inadequately supported by clinical findings." *Ford v. Saul,* 950 F.3d 1141, 1154 (9th Cir. 2020). But in addition, the ALJ explained it deviated from Dr. Jamison's assessment based on the contrary assessments of state agency physicians, along with the "benign physical examination findings," and Mr. R.'s "admitted ability to perform mixed martial arts." Tr. 44.

The Court discerns no error in the ALJ's assessment of opinion evidence from Dr. Jamison.

*3. Jonathan Ryan, Psy D.*

Dr. Ryan completed a psychological evaluation of Mr. R on March 25, 2022. Tr. 458-468. Mr. R. scored in the 4th percentile in Verbal Comprehension (Borderline), the 6th percentile in Working Memory and Immediate Memory (Borderline), and the 5th percentile in Logical Memory I; he also scored 22 out of 30 points in the Montreal Cognitive Assessment (MoCA). Tr. 460-466. Dr. Ryan assessed that Mr. R. "may" have some mild to moderate limitations in several

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 10

functional areas; however, he concluded that "it does not appear that there are any cognitive of affective factors that would substantially impair [Mr. R.'s] ability to maintain employment at this time." Tr. 467.

Mr. R. argues that the ALJ provided "no reasoning" for dismissing Dr. Ryan's assessment of "up to moderate limitations." ECF No. 6 at 13. The Court disagrees. The ALJ explained that mild limitations were more appropriate based on the findings of the state examiners. Furthermore, and more to the point, Dr. Ryan did not consider Mr. R.'s cognitive struggles disabling. Mr. R. never argues otherwise. Nor does Mr. R. explain how his purported cognitive impairments connect to the five-part disability evaluation. Thus, even if the ALJ erred in rejecting Dr. Ryan's opinion, any such error would be harmless.

B.   Symptom Testimony

Mr. R. contends the ALJ improperly discounted his testimony showing he was unable to work.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 11

meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include the claimant's daily activities and the location, duration, frequency, and intensity symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. § 416.929(c)(3). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities". SSR 16-3p, 2016 WL 1119029, at *2. The consistency of a claimant's statements with the rest of the record are another factor to be considered. 20 C.F.R. § 416.929(c)(4).

Here the ALJ found there was objective medical evidence of an underlying impairment which could reasonably be expected to produce Mr. R.'s alleged symptoms. Tr. 42. Nevertheless, the ALJ rejected Mr. R.'s statements concerning the intensity, persistence, and limiting effects of his symptoms as inconsistent with the record. Tr. 43.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 12

     Mr. R. again argues the ALJ improperly penalized him for his poverty by rejecting his symptom testimony based on lack of treatment history. The Court disagrees. The ALJ relied not only on Mr. R.'s failure to seek treatment for back pain, but also the fact that he sought treatment for other conditions without reporting any symptoms related to lumbar pain or showing signs of any impairment. The ALJ also properly relied on inconsistencies in Mr. R.'s own testimony. For example, Mr. R. claimed his back pain kept him from getting out of bed, putting on pants and socks, and walking, running and standing. TR. 408. Yet his treatment records reveal that during the time of his claimed disability he had been involved in "putting in fence posts," Tr. 470, and "working outside and [ ] removing bushes." Tr. 438. Mr. R. also reported practicing martial arts and Brazilian judo daily. Tr. 411, 445, 461. Finally, the ALJ properly noted the record showed that, despite abnormal x-rays, Mr. R.'s clinical findings on physical exams was unremarkable. Tr. At 43.

     Mr. R. also argues the ALJ improperly discredited his testimony based on his weak work history. The Court disagrees. While the ALJ commented on Mr. R.'s lack of work history for "years before the alleged onset date," this was not the basis for rejecting Mr. R.'s symptom testimony. Tr. 43. Rather, the ALJ merely commented that, given the lack of work history, Mr. R.'s "ongoing unemployment is likely something of longer standing than his current medical impairments." Tr. 43.

     The ALJ did not commit legal error in rejecting Mr. R.'s symptom testimony.

ORDER AFFIRMING THE COMMISSIONER'S DECISION * 13

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Mr. R.'s Brief, **ECF No. 6**, is **DENIED**.

2. Defendant's Brief, **ECF No. 13**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** November 25, 2025.

REBECCA L. PENNELL
United States District Judge